

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,860-01

### EX PARTE BRANDON JEWEL CORNETT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1254312-A IN THE 184TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. ALCALA, J., concurs without opinion. NEWELL, J., not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to forty-two years' imprisonment. The First Court of Appeals affirmed his conviction. *Cornett v. State*, 405 S.W.3d 752 (Tex. App.—Houston [1st Dist.] 2013).

Applicant contends, among other things, that trial counsel rendered ineffective assistance because he failed to present evidence of temporary insanity. *See* TEX. PENAL CODE § 8.04(b). Trial counsel responded in sworn affidavits, and the trial court found that counsel did not raise temporary insanity because he did not "discover any information from any source, including the applicant,

which supported such defense or theory."

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order trial counsel to respond. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether, given the testimony and evidence at trial that Applicant appeared "wild, crazy, [and high] on something," was "wallowing around in the grounds" and "rock[ing] and roll[ing]" on the grass, and admitted in a statement to the police that he had shared PCP and cocaine with the deceased on the evening of the offense,[1] counsel was deficient for not raising temporary insanity at the punishment phase. The trial court shall also determine whether, had counsel raised temporary insanity at the punishment phrase, there is a reasonable probability that the result would have been different. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

---

[1] *Cornett v. State*, 405 S.W.3d 752, 754–56 (Tex. App.—Houston [1st Dist.] 2013).

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 29, 2017
Do not publish